IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS TUCKER, and LALONIE[1] TUCKER, as husband and wife, | Case No. 4:16-cv-0071 |
| Plaintiffs, | Judge Brann |
| v. | |
| CODY HORN, and COLBURN TRANSPORTATION, | |
| Defendants, and Third Party Plaintiffs | |
| v. | |
| MOSS TRUCK REPAIR, LLC a/k/a MTR MOSS TRUCK REPAIR[2], | |
| Third Party Defendants. | |

**<u>MEMORANDUM</u>**

September 7, 2016

---

[1] Plaintiffs' filed an amended complaint on February 3, 2016. The amended complaint corrected the spelling of Plaintiff, Lalonie Tucker's first name from Lilonie to Lalonie. The clerk will be directed to update the docket caption accordingly.

[2] Third Party Defendant, Moss Truck Repair, LLC a/k/a MTR Moss Truck Repair is listed on the docket caption three times – twice as a third party defendant and once as a third party plaintiff. It should be listed in the caption only once as a third party defendant. The clerk will be directed to update the docket caption accordingly.

1

I. **BACKGROUND**

On January 14, 2016, Plaintiff spouses Thomas and Lalonie Tucker filed a complaint[3] against Defendants Cody Horn, a tractor-trailer driver, and his employer, Colburn Transportation. Plaintiffs amended their complaint on February 3, 2016,[4] and Defendants moved to dismiss the amended complaint on March 8, 2016.[5]

The matter is fully briefed, and the parties have come to several stipulations as to the amended complaint and the motion. Specifically, the parties have stipulated that all claims of independent negligence against Colburn Transportation are dismissed without prejudice, such that if Cody Horn is found liable for negligence, then Colburn Transportation will be vicariously liable for said negligence.[6] As a result of this stipulation, the motion to dismiss was partially withdrawn by Defendants.[7] Accordingly, the only remaining issue for the Court's disposition today is whether to dismiss the demand for punitive damages.

---

[3] ECF No. 1.
[4] ECF No. 6.
[5] ECF No. 7. In addition, the Defendants filed a third-party complaint against Moss Truck Repair, LLC a/k/a MTR Moss Truck Repair on March 10, 2016, ECF No. 8. However, the third-party defendant has no involvement with the instant motion to dismiss.
[6] ECF No. 12.
[7] ECF Nos. 13 and 14.

This Court has consistently held that it is premature to dismiss demands punitive damages prior to discovery;[8] the motion to dismiss will therefore be denied.

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[9] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[10] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[11]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[12] In two landmark decisions, *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-

---

[8] *See, e.g., Cobb v. Nye,* 2014 WL 7067578 (M.D. Pa. December 12, 2014) (Brann, J.).
[9] *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (quoting *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[10] *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding,* 467 U. S. 69, 73 (1984)).
[11] *Neitzke*, 490 U.S. at 327.
[12] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313 (2012).

court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[13] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[14]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[17] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[18]

The plausibility determination is "a context-specific task that requires the

---

[13] 550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.
[14] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[15] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[16] *Iqbal*, 556 U.S. at 678.
[17] *Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159, at *3 (3d Cir. Jan. 11, 2016) (Jordan, J.) (internal quotations and citations omitted).
[18] *Twombly*, 550 U.S. at 556.

reviewing court to draw on its judicial experience and common sense."[19] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[20]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[21] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[22] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[23] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[24]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must

---

[19] *Iqbal*, 556 U.S. at 679.
[20] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[21] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[22] *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[23] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).
[24] *Iqbal*, 556 U.S. at 678.

plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[25]

### III. DISCUSSION

Taking the facts alleged in the amended complaint as true, as I am compelled to do in considering a motion to dismiss, the story that unfolds is as follows:

Plaintiff Thomas Tucker, hereinafter "Mr. Tucker," is a tractor-trailer driver who resides in Northumberland, Pennsylvania, with his wife, Plaintiff Lalonie Tucker, hereinafter, collectively, "the Tuckers." At approximately 8:13 p.m. on March 10, 2014, Mr. Tucker was driving a tractor-trailer west on Interstate-80 in Nescopeck Township, Luzerne County, Pennsylvania. Defendant Cody Horn, hereinafter "Horn," was operating a tractor-trailer in the course and scope of his employment with Defendant Colburn Transportation, hereinafter "Colburn." Horn was driving in the east bound lane of Interstate-80, when a tire came loose from his tractor-trailer and rolled across the center median into Mr. Tucker's lane of travel. Mr. Tucker's truck collided with the tire, travelled down an embankment and

---

[25] *Connelly*, 2016 WL 106159, at *4 (internal quotations and citations omitted).

rolled onto its side. As a result of the accident, Mr. Tucker suffered multiple left rib fractures, left flank contusion, and multiple abrasions.

The Tuckers assert claims of negligence against Horn, for which, if proven, Colburn will be vicariously liable. The Tuckers also assert a loss of consortium claim.

The instant motion is to dismiss concerns a demand for punitive damages. In the amended complaint, the Tuckers allege both outrageousness and recklessness, two of the elements that support a claim for punitive damages.

Defendants argue that all demands for punitive damages must be dismissed because Plaintiffs have failed to present any evidence to support these particular claims. Rather, Defendants contend, the Tuckers only plead facts supporting a claim for negligence. The Tuckers respond that they have alleged actions on the part of Defendants which constitute both outrageous and reckless conduct.

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[26] Fundamentally, punitive damages are penal in nature; the objective is to punish a tortfeasor for his outrageous conduct and to deter him from similar conduct in the future.[27] Accordingly, a

---

[26] *Hutchison v. Luddy,* 870 A.2d 766, 770 (Pa. 2005) (*citing Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).
[27] *See id.; see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

punitive damages claim must be supported by sufficient evidence to establish: (1) that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed; and (2) that he acted or failed to act in conscious disregard of that risk.[28]

"Although ordinary negligence will not support an award of punitive damages, 'punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'"[29] In making this determination, the state of mind of the actor is a vital consideration.[30] Moreover, there is no general proscription against pursuing damages in connection with a claim of negligent supervision, if the facts so warrant.[31]

Here, the Tuckers have pled that the Defendants acted in an outrageous and reckless manner, and that they acted without due regard for the safety of Mr. Tucker. These allegations, if proven, may support a claim for punitive damages, even though Plaintiffs' amended complaint sounds primarily in negligence. Discovery is necessary to make the determination of whether Defendants' actions

---

[28] *See Feld*, 485 A.2d at 1097-98.
[29] *Young v. Westfall,* No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (McClure, J.) (*citing Hutchison*, 870 A.2d at 770).
[30] *Id.*
[31] *See Hutchison*, 870 A.2d at 773.

were merely negligent or whether they were outrageous and reckless. Consequently, dismissal at this juncture in the litigation is premature. Unsurprisingly, other district courts in this Circuit have come to similar conclusions on this issue.[32]

Because Plaintiffs' claim for punitive damages rests on allegations of outrageous and reckless conduct, and it would be premature to dismiss the demand prior to discovery, Defendants' Motion to Dismiss the punitive damages demand in Plaintiffs' amended complaint will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss under Rule 12(b)(6) will be denied. An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[32] *See Young*, 2007 WL 675182 at *2-3 (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer); *see also Ferranti v. Martin*, No. 3:06cv1694, 2007 WL 111272, at *2 (M.D.Pa. Jan. 19, 2007) (Munley, J.) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery).